No. 3422

Second Circuit

(Second Division)

## MITCHELL v. ADDINGTON

(May 7, 1931. Opinion and Decree.)
(June 11, 1931. Rehearing Refused.)

Murff & Perkins, of Shreveport, attorneys for plaintiff, appellant.

Mabry & Carstarphen, of Shreveport, attorneys for defendant, appellee.

TALIAFERRO, J. On February 20, 1928, plaintiff entered the employ of defendant as prescription clerk and salesman in the Tri-State Drug Store in the city of Shreveport, owned and operated by defendant, at a fixed salary of $165 per month, plus 1 per cent of the gross sales of the business. This relationship between the parties continued until May 3, 1928, when plaintiff was discharged. Defendant says his action in dispensing with the services of plaintiff was for good cause, while plaintiff says no cause existed therefor.

The salary due plaintiff was paid to April 1st, and this suit was instituted to recover salary for April and May, and commissions on sales to May 20th, a total of $405.

Defendant admits that at the time plaintiff was discharged he was due to him $224.07 on account of salary and commission, after deducting a small amount plaintiff was due the business, and that a check for this admitted indebtedness was tendered plaintiff, but declined.

After defendant filed answer admitting that he was due to plaintiff $224.07, a rule was taken for judgment for that amount on the face of the pleadings. Judgment was accordingly rendered in favor of plaintiff and, we are informed in defendant's brief, was paid before the case was submitted for decision after trial.

The lower court rejected plaintiff's demand for any amount in excess of that for which judgment had been previously rendered (the admitted indebtedness), and condemned him for costs accruing after rendition of the first judgment. He has appealed.

Issue of fact only is involved in a determination of this case. The question to be settled is whether or not defendant had sufficient legal cause to discharge plaintiff on May 3d. It is admitted that plaintiff's employment was for the month.

Plaintiff, while testifying, enlarged upon the allegations of his petition with respect to his duties under his employment by defendant. He says:

"The contract was that I was to take care of the prescription department, the prescription work, and when I was not busy I was to help as salesman inside of the store in front and when I wasn't busy at either of these I was to assist at the soda fountain, inside of the store, at any time it was necessary when I wasn't busy doing the other work."

The contract between the parties was verbal. Defendant, in his testimony, outlined plaintiff's duties as follows, viz.:

"His duty was to fill prescriptions, to do general work over the store, to assist behind the soda fountain, to help catch the cars in front, to do general store and prescription work."

There are two points of difference between the two versions of plaintiff's duties:

(1) Plaintiff, according to defendant, was obligated to service cars in front of the place of business, while plaintiff omits this in his evidence.

(2) Plaintiff fixes an order of precedence with respect to the discharge of different duties he assumed by his employment, which defendant denied.

Defendant testified that the Tri-State Drug Store had only been in operation for a short time when plaintiff was employed by him, and that the volume of prescription business being done would not justify the employment of a clerk for that alone; that he could only pay the salary promised plaintiff to one who could and would work in every department of the business.

We are satisfied from the evidence that plaintiff's duties included all departments of defendant's business and it was incumbent upon him to render service and assistance in each department voluntarily, without waiting for suggestions or directions from any one.

It is evident plaintiff was not as zealous of his employer's welfare as he was expected to be, notwithstanding his interest in the gross sales of the business, and as time passed a lack of harmony arose between plaintiff, on the one side, and other employees, on the other side, on account of his disinclination to render assistance to them to the extent and in the manner these employees deemed he was due to do.

On May 1st, while defendant was absent from the store, about midday, there was a rush of business there; many customers came in to be served, so many that the clerical force could not reach them all as quickly as desired. Plaintiff during this time was in the prescription room. He did not render, or offer to render, any assistance to the clerical force in the front of the building where the crowd was, according to the testimony of three witnesses. Miss Marjorie Addington, daughter of defendant and manager in his absence, testified that she solicited plaintiff three times to come out and help take care of the trade, but to none of her entreaties did he respond. When defendant returned, he was informed of what had happened and plaintiff's discharge followed.

The district judge who saw and heard the witnesses testify reached the conclusion that defendant had good and sufficient cause to dispense with plaintiff's services. His ruling should not be disturbed unless error is manifest. If plaintiff's conduct on May 1st was such as has been related by several witnesses, his discharge was justified. The lower court evidently believed these witnesses, and we agree with him.

The judgment appealed from is affirmed, with all costs.